FCB/IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **STEVE GARCIA**, | : |
| Plaintiff, | : **Case No. 2:25-CV-00988** |
| v. | : |
| | : CHIEF JUDGE SARAH D. MORRISON |
| **FIRST COMMONWEALTH BANK**, | : |
| Defendant. | : MAGISTRATE CHELSEY M. VASCURA |

## ANSWER AND DEFENSES OF DEFENDANT FIRST COMMONWEALTH BANK

For its Answer and Defenses to Plaintiff Steve Garcia's ("Plaintiff's") Complaint, Defendant First Commonwealth Bank ("Defendant") hereby admits, avers, and denies as follows:

### PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. The allegations in Paragraph 3 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits this Court has subject matter jurisdiction to adjudicate Plaintiff's claims. Defendant denies all remaining allegations in Paragraph 3 of the Complaint.

4. The allegations in Paragraph 4 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits venue is proper in this Court. Defendant denies all remaining allegations in Paragraph 4 of the Complaint.

## FACTUAL BACKGROUND

5. In response to the allegations set forth in Paragraph 5 of the Complaint, Defendant admits it employed Plaintiff from August 2023 to April 2025. Defendant further admits Plaintiff was initially employed as a Senior TM Service Specialist, but Defendant denies the allegation that Plaintiff's role was initially set to be a remote work position. Defendant denies all remaining allegations in Paragraph 5 of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff disclosed alleged anxiety, PTSD, and depression conditions in or around September 2024. Defendant denies that Plaintiff ever disclosed alleged panic attacks. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. In response to the allegations set forth in Paragraph 10 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's alleged fear of retaliation and therefore denies the same. Defendant admits Plaintiff requested a remote work accommodation in September 2024, which was assessed by Defendant's benefits team. Defendant avers Plaintiff was permitted to work remotely from the time he requested the accommodation until the time it was ultimately approved by the benefits team in December 2024. Defendant denies all remaining allegations in Paragraph 10 of the Complaint.

11. In response to the allegations set forth in Paragraph 11 of the Complaint, Defendant avers Plaintiff was permitted to work remotely beginning in September 2024. Defendant further

avers Plaintiff was appropriately placed on a performance improvement plan in December 2024 and such placement was not connected to his request for an accommodation. Defendant denies all remaining allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. In response to the allegations in Paragraph 13 of the Complaint, Defendant admits Plaintiff requested and was granted FMLA leave from December 11, 2024 to January 13, 2025. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that his conditions were preexisting. Defendant denies all remaining allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint. Further answering, Defendant avers Plaintiff was placed on a Performance Improvement Plan before he requested FMLA leave.

15. In response to the allegations in Paragraph 15 of the Complaint, Defendant admits a 30-day check-in meeting was held consistent with Plaintiff's performance improvement plan but avers this meeting took place on March 6, 2025 and not in February 2025. Defendant admits Plaintiff submitted a response to the performance issues raised during the March 6, 2025 meeting. Defendant denies all remaining allegations in Paragraph 15 of the Complaint.

16. In response to the allegations in Paragraph 16 of the Complaint, Defendant admits on or about March 31, 2025, Plaintiff requested FMLA leave for leave previously taken. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that his conditions alleged in Paragraph 6 of the Complaint were preexisting and denies the leave requested related to the conditions described in Paragraph 6 of the Complaint. Defendant denies all remaining allegations in Paragraph 16 of the Complaint.

17. In response to the allegations in Paragraph 17 of the Complaint, Defendant admits it communicated the decision to terminate Plaintiff's employment to Plaintiff on April 7, 2025 and avers Plaintiff's termination was effective on April 7, 2025. Defendant denies all remaining allegations in Paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. In response to the allegations in Paragraph 19 of the Complaint, Defendant admits it received notice that Plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission ("OCRC") and the OCRC notice indicated the charge was dually filed with the Equal Employment Opportunity Commission ("EEOC"). Defendant avers Plaintiff's OCRC charge was signed on April 15, 2025. Defendant denies all remaining allegations in Paragraph 19 of the Complaint.

20. In response to the allegations in Paragraph 20, Defendant admits the OCRC issued a right to sue letter to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits the allegations in Paragraph 21 of the Complaint.

22. In response to the allegations in Paragraph 22 of the Complaint, Defendant admits Plaintiff worked more than 1,250 hours in the twelve months prior to December 11, 2024 and March 31, 2025. Defendant denies all remaining allegations in Paragraph 22 of the Complaint.

## COUNT I
## VIOLATION OF FAMILY MEDICAL LEAVE ACT
## 29 U.S.C. § 2601 *et seq.*

23. In response to the allegations in Paragraph 23 of the Complaint, Defendant incorporates all admissions, averments, and denials to Paragraphs 1 through 22 of the Complaint as if fully restated herein.

24. The allegations in Paragraph 24 of the Complaint state a legal conclusion for which no response is required.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

## COUNT II
## DISABILITY DISCRIMINATION
## O.R.C. § 4112.01 *et seq.*

29. In response to the allegations in Paragraph 29 of the Complaint, Defendant incorporates all admissions, averments, and denials to Paragraphs 1 through 28 of the Complaint as if fully restated herein.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. The allegations in Paragraph 31 of the Complaint state a legal conclusion for which no response is required.

32. The allegations in Paragraph 32 of the Complaint state a legal conclusion for which no response is required.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegation in Paragraph 34 of the Complaint.

35. Defendant denies the allegation in Paragraph 35 of the Complaint.

36. Defendant denies the allegation in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies Plaintiff is entitled to any of the relief requested in his Complaint.

41. Defendant denies all allegations of Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses based upon information presently available and reserves the right to assert additional affirmative defenses, or withdraw any of these affirmative defenses, as further information becomes available through discovery or otherwise.

## FIRST DEFENSE

1. The Complaint is barred, in whole or in part, because it fails to state any claim upon which relief may be granted.

## SECOND DEFENSE

2. Defendant had legitimate, non-discriminatory, non-retaliatory job-related reasons for terminating Plaintiff's employment, which were wholly unrelated to Plaintiff's protected class status or protected activity.

### THIRD DEFENSE

3. The Complaint, and each purported cause of action asserted therein, is barred because Defendant's conduct was not the actual or proximate cause of any purported loss suffered by Plaintiff.

### FOURTH DEFENSE

4. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct any discriminatory, harassing, or retaliatory behavior, to the extent any such behavior occurred, and because Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or otherwise to avoid harm.

### FIFTH DEFENSE

5. To the extent that Plaintiff failed to satisfy the procedural and/or administrative prerequisites for bringing some or all of his claims, including the exhaustion of administrative remedies, those claims are barred.

### SIXTH DEFENSE

6. Plaintiff cannot establish a *prima facie* case of discrimination or retaliation under any of the statutes identified in the Complaint. Plaintiff's claims are further barred, in whole or in part, because Plaintiff cannot establish Defendant's reasons for any alleged adverse employment actions against Plaintiff were a pretext for any alleged unlawful motive(s).

### SEVENTH DEFENSE

7. If Plaintiff sustained any damages, which Defendant denies, those damages were proximately caused by Plaintiff's own acts and/or omissions or the actions or omissions of third parties.

**EIGHTH DEFENSE**

8. Although not expressly requested, Defendant asserts Plaintiff is not entitled to punitive damages, including pursuant to R.C. 2315.21, because Defendant never took any actions against him amounting to bad faith, malicious, willful, and/or wanton violations of applicable law.

**NINTH DEFENSE**

9. Plaintiff fails to allege facts sufficient under applicable law, including pursuant to R.C. 2315.18 and R.C. 2315.21, to allow recovery of compensatory and/or monetary damages.

**TENTH DEFENSE**

10. Plaintiff is not entitled to any damages, or any recovery must be reduced, by virtue of his failure to exercise reasonable diligence to mitigate the alleged damages, if any.

**ELEVENTH DEFENSE**

11. Defendant is entitled to any and all offsets or set offs as permitted by law.

**TWELFTH DEFENSE**

12. Plaintiff's claims are barred, in whole or in part, by the doctrines of payment, accord, waiver, and/or release.

**THIRTEENTH DEFENSE**

13. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, acquiescence, estoppel, laches, and/or unclean hands.

**FOURTEENTH DEFENSE**

14. To the extent Plaintiff relies on any acts or events occurring outside the applicable statute of limitations, such claims are barred.

**FIFTEENTH DEFENSE**

15. Certain of Plaintiff's claims, or claims for damages, may be barred by the after-acquired evidence doctrine.

**SIXTEENTH DEFENSE**

16. Defendant reserves the right to assert additional affirmative defenses identified during its ongoing investigation and pursuant to any later discovery.

**AS TO JURY DEMAND**

Defendant admits Plaintiff demands a trial by jury on all issues so triable. However, Defendant denies that any case or controversy exists that would entitle Plaintiff to a trial by jury on any of her claims.

WHEREFORE, having fully answered, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff on all claims and dismiss those claims with prejudice, and award Defendant reasonable costs, expenses, and attorneys' fees incurred in having to respond to Plaintiff's claims, and that Defendant be granted such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Jourdan D. Day*
Jourdan D. Day (0092186)
Helen K. Sudhoff (0101259)
Porter, Wright, Morris & Arthur LLP
41 S. High Street, Suite 3000
Columbus, OH  43215-6194
Phone: (614) 227-2000
Fax: (614) 227-2100
jday@porterwright.com
hsudhoff@porterwright.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 25th day of September 2025, a true copy of the foregoing *Answer and Defenses of Defendant First Commonwealth Bank* was filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties registered to receive electronic notice, including:

> Gary A. Reeve
> Law Offices of Gary A. Reeve
> 5354 Cemetery Road
> Hilliard, OH  43026
> greeve@reevelaw.net
> *Attorney for Plaintiff*

> */s/ Jourdan D. Day*
> *Attorney for Defendant*