IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVE GARCIA | : | |
| Plaintiff | : | CASE NO. 2:25-cv-988 |
| v. | : | JUDGE MORRISON |
| FIRST COMMONWEALTH BANK | : | MAGISTRATE JUDGE VASCURA |
| Defendant | : | |

### PLAINTIFF STEVE GARCIA'S AMENDED COMPLAINT
(w/ Jury Demand)

NOW COMES Plaintiff Steve Garcia, pursuant to Fed.R.Civ.P. Rule 15 and hereby proffers this Amended Complaint for damages and equitable relief against Defendant First Commonwealth Bank.

### PARTIES

1. Plaintiff is a natural person residing in the State of Ohio.

2. Defendant is a Pennsylvania corporation Ohio with facilities in Franklin County, Ohio.

### JURISDICTION AND VENUE

3. Counts I and III are brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Count II is brought under the same core of operative fact, and therefore subject to supplemental jurisdiction pursuant to  28 U.S.C. § 1367.

4. Venue is proper due to the fact that the Defendant's workplace was in Franklin County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

5. Plaintiff worked for Defendant as a Senior TM Service Specialist from August 28, 2023, until his discharge on or about April 7, 2025. His hiring was initially to work remotely.

6. Plaintiff had preexisting condition regarding PTSD, depression, anxiety and panic attacks.

7. Plaintiff's conditions described in ¶ 6 above became known to his immediate supervisor in January of 2024.

8. March of 2024 Defendant ordered him to work from its offices rather than continue his remote working arrangement unlike many of his similarly-situated cohorts.

9. In April 2024 Plaintiff reported the harassing behavior of his immediate supervisor to the area manager, but nothing was done.

10. Plaintiff did not request a remote work reasonable accommodation immediately due to fears of retaliation but applied for his reasonable accommodation request for remote work in September 2024, a process that lasted months and was finally approved on or about December 16, 2024.

11. When the remote work accommodation was granted in 2024, Plaintiff was immediately told his performance would be re-evaluated every few months rather than on the normal yearly standard.

12. October 15, 2024, Plaintiff reported to his area manager that the harassing behavior of his supervisor was exacerbating his preexisting conditions listed in ¶ 6 above. Plaintiff's area manager discouraged him from reporting the problem to Human Resources but he did so nonetheless in short order.

13. On December 11, 2024, Plaintiff began a Family Medical Leave Act ("FMLA") leave due to his preexisting conditions that lasted approximately four (4) weeks.

14. Immediately upon returning to work from his FMLA leave in January 2025, Plaintiff was put on a Performance Improvement Plan ("PIP") that contained mostly subjective terms and also contained many falsehoods regarding prior performance.

15. In late February 2025 Plaintiff received a 30-day PIP review that contained numerous falsehoods and mischaracterizations. He drafted and submitted a response to this review on March 6, 2025.

16. On March 31, 2025, Plaintiff requested FMLA leave for his preexisting conditions stated in ¶ 6 above.

17. On April 8, 2025, Plaintiff was informed by Defendant that his employment had been terminated effective April 7, 2025.

18. On April 8, 2025, Plaintiff received a Certification of Health Care Provider form from his treating caregiver that he did not get the chance to turn in to Defendant.

19. Plaintiff filed a Charge of Discrimination with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunities Commission ("EEOC") on or about April 17, 2023.

20. Plaintiff received a Right to Sue from the OCRC on or about August 24, 2025.

21. Plaintiff received a right to0o sue notice from the EEOC on or about October 1, 2025. (attached as Ex. 1)

22. At all times during the years 2024 and 2025, Defendant has had at least fifty (50) employees within a 75-mile radius of the facility out of which Plaintiff worked and/or the headquarters he reported to.

23. For any and all instances of the granting of, or the taking or, FMLA leave during 2024 and Plaintiff's request for leave on March 31, 2025, Plaintiff had worked at least 1,250 hours in the prior twelve (12) months.

## COUNT I
## VIOLATION OF FAMILY MEDICAL LEAVE ACT
## 29 U.S.C. § 2601 et seq.

24. Plaintiff reasserts and reincorporates each and every allegation contained in the paragraphs above as if fully rewritten here.

25. Plaintiff's absence that began on December 11, 2024, and for the request for leave made on March 31, 2025, was due to exacerbation of a "chronic serious health condition" as that is defined under the FMLA.

26. Defendant violated the FMLA by using Plaintiff's FMLA-protected leave time as a negative factor leading to Plaintiff being harassed, disciplined, and ultimately removed.

27. Defendant violated the FMLA by discharging Plaintiff during an FMLA leave and not returning him to work when he would have been available to return.

28. Defendant lacked good faith and/or reasonable grounds to believe that it had not violated the FMLA in its removal of Plaintiff.

29. Defendant's violations of the FMLA entitle Plaintiff, pursuant to 29 U.S.C. §2617(a), to back pay and benefits, liquidated damages equal to back and benefits, the equitable remedy of reinstatement and/or front pay and attorney fees and costs of bringing this litigation in an amount to be determined at trial, but in any event not less than $250,000.00.

## COUNT II
## DISABILITY DISCRIMINATION
## O.R.C. § 4112.01 et seq.

30. Plaintiff reasserts and reincorporates each and every allegation contained in the paragraphs above as if fully rewritten here.

31. Plaintiff was at all times a qualified individual as that is defined by Ohio law.

32. Plaintiff was an "employee" as that is defined by O.R.C. § 4112.02.

33. Defendant was an "employer" as that is defined by O.R.C. § 4112.02.

34. Plaintiff was suffering from a disability conditions described in ¶ 6 above.

35. Plaintiff has been discriminated against for having a disability as that is defined by O.R.C. § 4112.02 in that he was discharged for taking time off for those conditions.

36. Defendant unlawfully acted in retaliation for Plaintiff's requests for a reasonable accommodation of remote work.

37. Defendant unlawfully acted in retaliation for Plaintiff's requests for a reasonable accommodation FMLA leave time.

38. Defendant participated in and allowed Plaintiff to be targeted by behaviors that it knew would exacerbate the seriousness of her preexisting conditions.

39. Defendant also took adverse action due to Plaintiff's actual mental conditions, and/or Defendant's perception of the effect Plaintiff's mental conditions had on his ability to perform her job duties.

40. Defendant's violations of the O.R.C. Chapter 4112 entitle Plaintiff to the equitable relief of reinstatement with the requested accommodation, and monetary damages which include back pay and benefits, compensatory damages, attorney fees and costs in an amount to be determined at trial, but in any event not less than $250,000.

5

## COUNT III
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. § 12101 et. Seq

41. Plaintiff reasserts and reincorporates each and every allegation contained in the paragraphs above as if fully rewritten here.

42. Plaintiff is an "employee" as defined by 42 U.S.C. §12111(4).

43. Defendant is an "employer" as defined by 42 U.S.C. §12111(5).

44. Plaintiff has a disability as defined by 42 U.S.C. §12102(2) described in ¶ 6 above that affected his cognitive abilities and his ability to work.

45. Plaintiff is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8) and/or was perceived as having a disability.

46. Defendant discriminated against Plaintiff because of his disability by refusing to reasonably accommodate his need for telework and ultimately discharging him.

47. Defendant's violations of the Americans with Disabilities Act entitle Plaintiff to monetary damages which include back pay and benefits, compensatory damages, punitive damages, attorneys fees and costs in an amount to be determined at trial, but in any event not less than $250,000 and the equitable relief of reinstatement with the requested accommodation and/or front pay.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages including back pay and benefits, liquidated damages equal to back and benefits, the equitable remedy of reinstatement and/or front pay and attorney fees and costs of bringing this litigation in an amount to be determined at trial, but in any event not less than $250,000.00;

6

for Count II, monetary damages which include back pay and benefits, compensatory damages, attorney fees and costs in an amount to be determined at trial, but in any event not less than $250,000, and the equitable remedy of reinstatement and/or front pay; and,

for Count III, monetary damages which include back pay and benefits, compensatory damages, attorney fees and costs in an amount to be determined at trial, but in any event not less than $250,000, and the equitable remedy of reinstatement and/or front pay.

## JURY DEMAND

Plaintiff demands that a jury decide all claims in this Complaint.

Respectfully Submitted,

s/ Gary A. Reeve
Gary A. Reeve (0064872)
Trial Attorney for Plaintiff
Law Offices of Gary A. Reeve
5354 Cemetery Road
Hilliard, Ohio 43026
(614) 808-1881
*greeve@reevelaw.net*